[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#102)
The plaintiffs, Thomas McAuliffe, individually and as executor of the estate of his deceased wife, Laureen McAuliffe (decedent), Ethan McAuliffe, and Lindsay McAuliffe, through her parent and next friend, Thomas McAuliffe, bring this action sounding in medical malpractice and loss of consortium against the defendant, Bridgeport Radiology Associates, P.C. The plaintiffs allege that on November 23, 1992, the defendant's agents and employees performed a mammogram on the plaintiffs' decedent. The plaintiffs allege that the defendant's agents and employees were negligent because they failed to identify and diagnose a suspicious lesion which appeared on the decedent's mammography, and because they failed to properly inform the treating physician of the decedent's condition. The plaintiffs further allege that the lesion was cancerous, and that the cancer subsequently metastasized, resulting in the decedent's death (on August 24, 1994).
In the first count of the complaint, Thomas McAuliffe, as executor, CT Page 4226-G asserts a medical malpractice claim against the defendant. In the second count, Thomas McAuliffe, in his individual capacity (as the decedent's husband), asserts a loss of spousal consortium claim. In the third count, Ethan McAuliffe, the decedent's son, asserts a loss of parental consortium claim. In the fourth count, Lindsay McAuliffe, the decedent's daughter, through her parent and next friend, Thomas McAuliffe, asserts a claim for loss of parental consortium.
On March 23, 1995, the defendant filed a motion to strike (#102) the third and fourth counts of the plaintiffs' complaint and a supporting memorandum of law. On April 17, 1995, the plaintiffs filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
The defendant's first ground for striking the third and fourth counts of the complaint is that under Connecticut's wrongful death statute, General Statutes § 52-555 et seq., there is no cognizable claim for postmortem loss of parental consortium. While the defendant's interpretation of the law is correct, the complaint is silent as to whether the claims for loss of consortium are postmortem or antemortem in nature. In reading the complaint in the light most favorable to the plaintiffs, the court must interpret the third and fourth counts as asserting claims for antemortem loss of consortium.[1]
The defendant's second ground for striking the third and fourth counts is that in Connecticut, there is no cognizable cause of action for loss of parental consortium. Presently, there is a split of authority as to whether such a cause of action exists. Nevertheless, this court has previously recognized such a cause of action in Vizzo v.Keleman, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 309650 (13 Conn. L. Rptr. 256) (January 10, 1995, Maiocco, J.). Thus, based on the reasoning and authorities cited inVizzo, supra, the court denies the defendant's motion to strike the third and fourth counts of the plaintiffs' complaint.